FILED OCT 29 2019 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN JOSEPH FOTI, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 1:19-cv-02122 (UNA)<br>) |
| CAPITOL POLICE, *et al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

On July 12, 2019, plaintiff filed a complaint, ECF No.1, and an application to proceed *in forma pauperis* ("IFP"), ECF No. 2, however, he failed to submit his financial information as required by 28 U.S.C. § 1915(a)(2). The Court issued an order, ECF No. 4, directing plaintiff provide such information within 30 days or face dismissal of the action. Plaintiff has now complied with that order, submitting partial financial data with an accompanying motion for extension of time to submit the remaining information, ECF No. 5. The Court will grant the motion for extension of time *nunc pro tunc* for good cause shown and because plaintiff has submitted a subsequent supplemental account statement, ECF No. 6, as pledged.

The Court may now turn to plaintiff's *pro se* complaint and application for leave to proceed IFP. The Court will grant the plaintiff's application for leave to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff has also filed a motion to appoint counsel, ECF No. 3, which will be denied as moot.

Plaintiff is a prisoner currently designated to the Piedmont Regional Jail, located in Farmville, Virginia. He sues at least 40 defendants, only some of which are even remotely identifiable. The defendants include, but are not limited to: federal judges, government agencies, banks, insurance companies, and U.S. states. Plaintiff attempts to bring this suit pursuant to 42 U.S.C. § 1983, however, the complaint consists of rambling and disconnected statements which fail to provide notice of any actual claim or basis for federal court jurisdiction. He vaguely alleges that: (1) he was falsely arrested "because of being a sealed J.F.K. assassination committee files family member;" (2) his vehicle was "maliciously towed;" (3) he has been subject to "fictitious parking tickets[,]" and; (4) he [sic] "lost his wallet at the Capitol Police station and they lost his glasses on purposes they were on the interrogation room table." He also alleges abuse by members of the FBI, but then states that he has already been granted relief for these claims in other federal jurisdictions.[1] He seeks return of his vehicle and other personal effects, waging of criminal charges[2] against various defendants, and $41 million dollars.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and

---

[1] "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).

[2] This Court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category. For these reasons, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 25, 2019

CHRISTOPHER R. COOPER
United States District Judge